**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF TENNESSEE**
**AT CHATTANOOGA**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | Case No. 1:12-cr-13 |
| v. | ) | |
| | ) | Judge Travis R. McDonough |
| THADDEUS DANIEL | ) | |
| | ) | Magistrate Judge Christopher H. Steger |
| | ) | |

# MEMORANDUM AND ORDER

Before the Court is Defendant Thaddeus Daniel's motion for compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A) (Doc. 272). For the reasons discussed below, Defendant's motion will be **DENIED**.

## I. ADMINISTRATIVE EXHAUSTION

A sentencing court may "modify a term of imprisonment once it has been imposed," after considering the applicable factors set forth in 18 U.S.C. § 3553(a), if "extraordinary and compelling reasons warrant such a reduction." 18 U.S.C. § 3582(c)(1)(A)(i); *see also United States v. Jones*, 980 F.3d 1098, 1109 (6th Cir. 2020) (holding that "federal judges" have "full discretion to define 'extraordinary and compelling'" without reference to U.S. Sentencing Commission policy statement § 1B1.13); *United States v. Ruffin*, 978 F.3d 1000, 1008 (6th Cir. 2020) ("We have recognized that some of the § 3553(a) factors, including the 'need to provide just punishment' and 'to reflect the seriousness of the offense,' allow courts to consider the 'amount of time' that a defendant has served on a sentence when deciding whether to grant a sentence reduction."). Before seeking a sentence reduction from the court, the defendant must exhaust administrative remedies by fully pursuing "all administrative rights to appeal a failure of

the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." 18 U.S.C. § 3582(c)(1)(A)(i); *see also United States v. Alam*, 960 F.3d 831, 832 (6th Cir. 2020) (holding that "this exhaustion requirement . . . is mandatory (there is no exception)").

Defendant has presented evidence of his exhaustion efforts within the Bureau of Prisons ("BOP"). (*See* Doc. 272, at 3, 14.) The Government also acknowledged that the exhaustion requirement was satisfied. (*See* Doc. 274, at 2.) Because Defendant has shown that he complied with the exhaustion requirement, the Court may consider the factors set forth in 18 U.S.C. § 3553(a) and whether there are "extraordinary and compelling reasons" to reduce Defendant's sentence. 18 U.S.C. § 3582(c)(1)(A)(i).

## II. BACKGROUND

On May 10, 2013, Defendant was sentenced to 211 months' imprisonment pursuant to his plea agreement, in which he pled guilty to possessing a firearm as a felon in violation of 18 U.S.C. §§ 922(g) and 924(e)(1). (Doc. 141.) While incarcerated, Defendant was convicted for assault in violation of 18 U.S.C. § 111. (Doc. 274-1, at 2.) Defendant has been in federal custody since January 31, 2012, and is currently expected to be released from custody on December 18, 2027. *Find an Inmate*, Bureau of Prisons, http://bop.gov/inmateloc/ (search by name) (last visited October 28, 2026).

## III. ANALYSIS

### A. Extraordinary and Compelling Reason

Defendant argues that compassionate release is appropriate under U.S.S.G. §1B1.13(b)(6), which provides:

> (6) UNUSUALLY LONG SENTENCE.—If a defendant received an unusually long sentence and has served at least 10 years of the term of imprisonment, a

> change in the law (other than an amendment to the Guidelines Manual that has not been made retroactive) may be considered in determining whether the defendant presents an extraordinary and compelling reason, but only where such change would produce a gross disparity between the sentence being served and the sentence likely to be imposed at the time the motion is filed, and after full consideration of the defendant's individualized circumstances.

The United States Supreme Court recently held, however, that "the sentencing disparity created by Congress's nonretroactive change" to a statute's penalties cannot "serve as an 'extraordinary and compelling reason' that 'warrants' a reduction" in a sentence. *Rutherford v. United States*, 146 S. Ct. 1320, 1326, 1330–31 (2026) (quoting 18 U.S.C. § 3582(c)(1)(A)(i)) (citation modified).

Daniel did not identify a change in a statute that would yield a "gross disparity" between his existing sentence and the sentence he would likely receive today. Daniel did, however, raise an argument regarding whether his armed-career-criminal classification remains valid in light of the Supreme Court's holdings in *Johnson v. United States*, 559 U.S. 133 (2010); *Stokeling v. United States*, 586 U.S. 73 (2019); and *Erlinger v. United States*, 602 U.S. 821 (2024). (Doc. 272, at 14–19, 21.)[1] However, "a nonretroactive judicial decision announcing a new rule of criminal procedure [] cannot serve as a basis" for compassionate release. *United States v. McCall*, 56 F.4th 1048, 1061 (6th Cir. 2022). And "[f]ederal sentencing law presumes that judicial decisions are not retroactive." *Id.* at 1055 (citing *United States v. McKinnie*, 24 F.4th 583, 587 (6th Cir. 2022)). Accordingly, compassionate release based on these Supreme Court decisions is not appropriate. *See id.* ("That new statutes and caselaw apply only to 'defendants

---

[1] If Defendant intends to challenge the lawfulness of his sentencing in light of these developments, the proper channel to do so would be a habeas petition, not compassionate release. *United States v. McCall*, 56 F.4th 1048, 1058 (6th Cir. 2022) ("[A] compassionate release petitioner argues that, although his sentence is lawful, other unrelated factors, such as health or age, counsel in favor of early release. A habeas petitioner argues that his sentence is unlawful.").

not yet sentenced' is the expected outcome in our legal system. And what is expected cannot be extraordinary." (citation omitted)).

Next, Defendant argues that without his prior offenses, committed as a minor, he would not have been subjected to the armed-career-criminal classification, thus resulting in a sentence disparity. (Doc. 272, at 7–8.)[2] Defendant points to *United States v. Ferebe*, in which a Maryland district court granted compassionate release based on "intervening developments in judicial discretion in sentencing, the role of youth in criminal punishment, and sentencing practices in [the District of Maryland]." No. CR CCB-96-0401, 2023 WL 6809707, at *1 (D. Md. Oct. 16, 2023). That out-of-circuit case differs from the circumstances here, however, because in that case the court was considering whether compassionate release was appropriate for a defendant who was a minor at the time the crime was committed and who would no longer face a mandatory sentence of life imprisonment under intervening changes in law. *See id.* at 3. Here, however, Defendant was in his thirties at the time of sentencing. (PSR, at 2.) If Defendant intended to seek relief under Guideline Amendment 829, which provided that "Age may be relevant in determining whether a departure is warranted," this is again a nonretroactive change in law, that does not even mandate lower sentences for youthful offenders, that cannot serve as an "extraordinary and compelling" basis for compassionate release. *Rutherford*, 146 S. Ct. 1320, 1326, 1330–31 (2026) (quoting 18 U.S.C. § 3582(c)(1)(A)(i)) (citation modified); *see United States v. Hunter*, 12 F.4th 555, 569–70 (6th Cir. 2021) (explaining that identifying "extraordinary and compelling" reasons must focus on "post-sentencing factual developments).

---

[2] If Defendant believes his sentence was unlawful based on his armed-career-criminal classification, habeas would be the proper channel to challenge his sentence, not compassionate release. *McCall*, 56 F.4th at 1058 ("[A] compassionate release petitioner argues that, although his sentence is lawful, other unrelated factors, such as health or age, counsel in favor of early release. A habeas petitioner argues that his sentence is unlawful.").

Finally, Defendant argues that there was a disparity between his sentence and those of his co-defendants. (Doc. 272, at 20–21.) However, the Sixth Circuit has made it clear that sentencing disparities between co-defendants is not a factor that can be used to find "extraordinary and compelling" reasons for compassionate release. *Hunter*, 12 F.4th at 571–72 ("[S]ubsequent leniency in another defendant's case says nothing about how [the defendant's] personal circumstances have changed since he was sentenced" and disparities because of pleas is permissible). Release on this basis would not be appropriate.

### B. 18 U.S.C. § 3553(a) Factors

Under 18 U.S.C. § 3553(a), the Court considers the following factors in determining the sentence to be imposed:

> (1) the nature and circumstances of the offense and the history and characteristics of the defendant;
> (2) the need for the sentence imposed--
> (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;
> (B) to afford adequate deterrence to criminal conduct;
> (C) to protect the public from further crimes of the defendant; and
> (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;
> (3) the kinds of sentences available;
> (4) the kinds of sentence and the sentencing range established for--
> (A) the applicable category of offense committed by the applicable category of defendant as set forth in the guidelines—
>
> . . .
>
> (6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; . . .

Even if Defendant had shown extraordinary and compelling reasons to justify release, the Court would still deny his motion upon consideration of the § 3553(a) factors. Defendant had multiple predicate convictions for an armed-career-criminal classification, including multiple convictions for aggravated robbery and one conviction for facilitating first degree murder. (PSR,

at 6.) The Court therefore finds that "the nature and circumstances of the offense and the history and characteristics of the defendant" do not favor release. The Court also believes the sentence imposed is needed "to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense." § 3553(a). Accordingly, Defendant is not entitled to compassionate release based on an analysis of the § 3553(a) factors.

## IV. CONCLUSION

For the reasons set forth above, Defendant's motion for compassionate release (Doc. 272) is **DENIED**.

**SO ORDERED.**

***/s/Travis R. McDonough***
**TRAVIS R. MCDONOUGH**
**UNITED STATES DISTRICT JUDGE**